DELGADO ET AL., PLAINTIFFS AND APPELLEES, v. DELGADO ET AL.;
DEFENDANTS (LECARÓZ ET AL., APPELLANTS).

APPEAL from the District Court of Ponce in an Action to
Annul a Partition.  Change of Venue.

No. 2150.—Decided May 24, 1920.

CHANGE OF VENUE—WARRANTY—JURISDICTION.—If the defendants in warranty
duly assert their right to a change of venue to the court of the district in
which they and all the defendants reside, the change of venue can not be
opposed on the ground that the court had acquired jurisdiction because one
of the original defendants had appeared to move for the summons in war-
ranty.  The submission of one defendant does not affect the others when all
reside in another district and the change is duly asked for.

The facts are stated in the opinion.
*Messrs. J.* and *M. Tous Soto* for the plaintiff-appellees.
*Mr. J. D. Rodríguez* for the defendant-appellees.
*Messrs. Largé & Zeno* for the appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit to annul a partition of hereditary prop-
erty.  There were two original defendants.  One of them,
Luis Vivó, acquired some of the property of the estate by
successive transfers or adjudications made during or after
the partition.  On being sued, the other defendant, one of
the heirs, apparently defaulted, but defendant Luis Vivó, on

being so sued, cited appellants Lecaróz *et al.*, grantors to Vivó, to appear and defend in eviction and warranty. The appellants, on being so cited, presented a demurrer to the District Court of Ponce and asked that the case be transferred to the District Court of Aguadilla, where they reside. The motion was duly accompanied by an affidavit of merits.

It appears that not only the appellants but also the original defendants all reside in Aguadilla, but the appellees maintain that as defendant Vivó came into the District Court of Ponce to raise the question of eviction and warranty, such a coming into court was an appearance and submission to said district court. Sections 77, 81, 82 and 83 of the Code of Civil Procedure.

Now, while it may be questioned whether the appearance of Luis Vivó merely to cite his grantors was the appearance of which section 77 of the Code of Civil Procedure speaks, yet the fact remains that two of the defendants, when they appeared, duly asked for a transfer. The case of the *Royal Bank of Canada* v. *A. McCormick & Co.*, 25 P. R. R. 112, is decisive of this question. There we held that where all of the defendants reside out of the jurisdiction of the court in which the suit is brought it cannot acquire jurisdiction by the submission of some of the defendants if the others ask for a transfer.

The order appealed from must be reversed and the transfer made.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.